# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv148

| | |
|---|---|
| **RICHIE J. BUCHANAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney Fees Under EAJA [Doc. 33].

## I.    PROCEDURAL BACKGROUND

On August 22, 2008, the Court remanded this matter for the consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g). [Doc. 29]. Also on that date, the Clerk entered judgment in favor of the Plaintiff. [Doc. 30]. On August 28, 2008, the Defendant moved to vacate the entry of judgment. [Doc. 31]. The Court granted the Defendant's motion and vacated the entry of judgment on September 16,

2008. [Doc. 32]. On December 10, 2008, the Plaintiff filed the present motion, seeking an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2412(d)(1)(B), a party seeking EAJA fees shall submit a fee application to the Court within thirty days of the final judgment in the action. "In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." Melkonyan v. Sullivan, 501 U.S. 89, 102, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Further, "a sentence six remand, by itself, is not a sufficient basis for a litigant to claim 'prevailing party' status." Marshall v. Comm'r of Social Security, 444 F.3d 837, 842 (6th Cir. 2006). Rather, the sentence six remand merely preserves the Plaintiff's right to file a fee petition if he prevails on remand. Id.

In the present case, the Plaintiff's motion for attorney's fees is premature, as the remand proceedings are not yet complete, the Commissioner has not issued a new final decision in this matter, and the Court has not entered a final judgment in this case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney Fees Under EAJA [Doc. 33] is **DENIED** without prejudice with leave to re-file the same upon completion of the remand proceedings and the entry of a final judgment in this matter.

**IT IS SO ORDERED**.

Signed: January 22, 2009

Martin Reidinger
United States District Judge