# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 3:07-cv-148

| | |
|---|---|
| RICHIE J. BUCHANAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorneys' Fees Under the Equal Access to Justice Act. [Doc. 42].

**I.     PROCEDURAL HISTORY**

The Plaintiff Richie J. Buchanan initiated this action on April 2, 2007, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 2]. On August 22, 2008, the Court entered an Order remanding the case to the Commissioner pursuant to

sentence six of 42 U.S.C. § 405(g). [Doc. 29]. On November 13, 2009, the Defendant moved for Entry of Judgment affirming his final favorable decision for Plaintiff. [Doc. 39]. Such Judgment was entered November 23, 2009. [Doc. 41].

The Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $4,303.92. [Doc. 42, 44]. In response, the Government opposes the hourly rate calculated by Plaintiff. [Doc. 45].

## II. ANALYSIS

Under the EAJA, the Court must award attorneys' fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court entered judgment in accordance with the Comissioner's final favorable decision, the Plaintiff is properly considered a "prevailing party" in this action. 42 U.S.C. 405(g).

In the present case, the Commissioner does not contest the Plaintiff's request for fees, but rather the basis for the calculation thereof. In light of the Court's prior remand of this matter, and in the absence of any

contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorneys' fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorneys' fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Under the EAJA, an award of attorneys' fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). In the present case, the Plaintiff seeks an

3

award of $4303.92 in attorneys' fees. In support of this request, the Plaintiff submits an itemization of the hours claimed by counsel to be related to this case. [Doc. 44]. Counsel's submission calculates to a request for an hourly rate of $175.67 per hour. Counsel offers no evidence regarding the "prevailing market rates for the kind and quality of the services furnished," but contends that an hourly rate in excess of $125 per hour is necessary due to "an increase in the cost of living" or some "special factor." [Doc. 43]. In support of that contention, Counsel indicates, without supporting exhibits or citations, that increases in the CPI-U from the March 1996 relevant amendment of EAJA through the date of final judgment support that hourly rate.

Defendant disputes the hourly rate claimed by Plaintiff, indicating that it should have been calculated using, as an endpoint, the CPI rates applicable at the various points in time when the discrete units of work done to reach that final judgement were actually performed. The position advocated by the Commissioner would be utterly unworkable for this Court and has been rejected by others.

> The Court...rejects the Secretary's contention that the hours claimed by petitioner on behalf of plaintiff must be broken down by year or month and varied rates calculated for each division. The Secretary cites no authority supporting such a

4

> requirement. Nothing in the language of the statute compels such action. On the contrary, application of a single rate to all hours claimed promotes the Congressional intent behind the EAJA, which was ensuring administrative accountability and concomitantly, of lessening the financial burden on those who victoriously pursued that accountability through litigation. Adopting the position urged by the Secretary would encourage government agencies to prolong litigation in hopes of paying fees with inflated dollars. This court declines to adopt the Secretary's argument and applies one adjusted fee to all hours expended on behalf of the plaintiff.

Mitchum v. Astrue, 586 F.Supp.2d 424 (D.S.C., 2007), quoting Ball v. Sullivan, 754 F. Supp. 71, 75 (D.S.C.,1990) (internal quotation marks and citations omitted). The court thus used the "figure most closely corresponding to the close of services" in determining the appropriate adjustment to the statutory fee. Ball at 74; see also Garcia v. Schweiker, 829 F.2d 396, 402 (3d Cir.1987) ("By calculating the total fee amount by using the closest available Consumer Price Index to the date on which the plaintiff became a prevailing party, ... attorneys will receive, in today's dollars, the purchasing power to which they are entitled."); Suggs v. Sullivan, 754 F.Supp. 79, 80-81 (D.S.C.1991) (declining to use a "method of computation that applies the Consumer Price Index percentage increase from the appropriate date of enactment of the EAJA to each month in which work was performed").

In line with these interpretations, this Court calculates the allowable fee using the CPI-U figure from the date that triggers EAJA eligibility, which is the date that Plaintiff became a "prevailing party". 42 U.S.C.A. 405(g); Melkonyan v. Sullivan, 501 US 89, 111 S.Ct. 2157 (U.S.Cal. 1991). Since this case ended after a sentence six remand, that date is November 24, 2009 when final judgment was entered [Doc. 40].

As to the figure resulting from this calculation, the Court finds support not for the $175.67 rate Plaintiff claims, but for an hourly rate very close to it, namely $173.68. To any extent that this slight difference is the result of applying different CPI indexes, Mitchum specifies that the Fourth Circuit has expressed a preference for use of the CPI-U U.S. City Average All Items index, over use of CPI sub-indexes, such as those expressing the legal services market or locality-based rates. Mitchum at 427, citing Sullivan v. Sullivan, 958 F.2d 574 (4th Cir. 1992). This Court agrees with the philosophy discussed as underlying that preference, and follows it here.

The Bureau of Labor Statistics published reports establishing a CPI-U of 155.7 for March 2006, and a CPI-U of 216.33 at November 2009. Consumer Price Index History Table: Table Containing History of CPI-U U.S. All Items Indexes and Annual Percent Changes from 1913 to Present,

6

[ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt](ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt) (last visited January 6, 2009). At that rate of change, the $125 statutory maximum fee rate established in EAJA permits a $173.67 hourly rate at November 2009.

Upon careful review of counsel's time sheets and affidavits, the Court finds that the number of hours claimed by the Plaintiff's attorneys and paralegal staff is reasonable. Those show 24.5 hours attorney time, which at the $173.67 hourly rate support a fee award of $4255.05.

It is yet to be determined whether the Plaintiff is entitled to past-due benefits. For this reason, the Court cannot make a determination at this time as to whether an award of fees under § 406(b) would be appropriate. In the event that past-due benefits are awarded on remand, the Plaintiff shall be allowed sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to 42 U.S.C. § 406(b).

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney Fees Under EAJA [Doc. 42] is hereby **GRANTED** and the Clerk of Court shall enter judgment in favor of the Plaintiff and against the Defendant in the amount of $4,255.05 for attorney's fees and expenses

awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS SO ORDERED.**

Signed: January 7, 2010

Martin Reidinger
United States District Judge